UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMON MCDOWELL, #317487,

        Petitioner,

v.                              CASE NO. 14-10188
                                HONORABLE TERRENCE G. BERG

JEFFREY LARSON,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING
WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND
<u>LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Desmon McDowell ("Petitioner") was convicted of four drug offenses in the Oakland County Circuit Court. He was sentenced to a term of 8 to 20 years' imprisonment on one conviction and to lifetime probation on the other convictions in 2001. He was paroled in 2006. Petitioner subsequently violated the terms of his probation. One of the three probation cases was dismissed and Petitioner pleaded guilty to the probation violations in the other two cases. The trial court sentenced Petitioner to consecutive terms of 2 to 20 years imprisonment on those two cases in 2012. In his pleadings, Petitioner raises claims concerning the trial court's denial of a plea withdrawal motion, the trial court's authority to dismiss one probation case and retain two other cases, the adequacy of the notice for his probation requirements, and the effectiveness of defense counsel.

This matter is before the Court on Respondent's motion to dismiss the habeas petition based upon Petitioner's failure to properly exhaust state court remedies as to three of his four claims. Petitioner has filed a reply to that answer contending that he has sufficiently presented his claims to the state courts. For the reasons stated herein, the Court shall grant Respondent's motion and dismiss without prejudice the petition for a writ of habeas corpus. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Following his plea and sentencing on the probation violations in 2012, Petitioner filed a motion to withdraw his plea with the state trial court, which was denied. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court erred in denying his plea withdrawal motion. The court denied leave to appeal "for lack of merit in the grounds presented." *People v. McDowell*, No. 315063 (Mich. Ct. App. April 15, 2013). Petitioner filed a motion for reconsideration raising his three additional issues in paragraph format, which was denied on May 31, 2013. Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising all of his habeas claims, which was denied in a standard order. *People v. McDowell*, 495 Mich. 866, 843 N.W.2d 127 (Sept. 30, 2013).

Petitioner dated his federal habeas petition on January 7, 2014. Respondent filed the instant motion to dismiss on July 22, 2014. Petitioner dated his reply on July 28, 2014.

2

### III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, the record reflects that Petitioner first raised his claims concerning the trial court's authority to dismiss one probation case and retain two other cases, the adequacy of the notice of his probation requirements, and the

3

effectiveness of defense counsel in his motion for reconsideration before the Michigan Court of Appeals and then raised them as new issues in the issues presented before the Michigan Supreme Court. Presenting new issues to an intermediate state appellate court for the first time in a motion for reconsideration does not constitute a fair presentation of those claims for purposes of exhaustion. *See Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, * 1-2 (6th Cir. Aug. 18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals unexhausted for purposes of federal habeas review); *Greer v. Scutt*, No. 11-CV-12745, 2013 WL 4849093, *11 n. 2 (E.D. Mich. Sept. 11, 2013) (adopting magistrate judge's report citing cases); *Drain v. Woods*, 902 F. Supp. 2d 1006, 1032 (E.D. Mich. 2012); *Merkel v. White*, No. 06-CV-13885, 2008 WL 4239497, *3 (E.D. Mich. Sept. 11, 2008) (same); *accord Gunter v. Maloney*, 291 F.3d 74, 81-82 (1st Cir. 2002); *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 669 (7th Cir. 1990). Additionally, presenting new issues for the first time before a state supreme court on discretionary review does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner has thus failed to sufficiently exhaust three of his four habeas claims in the state courts.

    Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and pursue the claims in the state appellate courts as necessary. The unexhausted claims potentially concern matters

4

of federal law which may warrant further review. The claims should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, however, neither requests a stay nor shows the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about December 29, 2013. Petitioner dated his federal habeas petition on January 7, 2014. Thus, just more than a week of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-

conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time, more than 11 months, in which to seek state collateral review, exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court. Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state courts before proceeding in federal court. Lastly, Petitioner's unexhausted claims potentially concern matters of federal law which may warrant further review. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition containing both exhausted and unexhausted claims, that he must exhaust all of his claims in the state courts before proceeding on federal habeas review, and that a stay is unnecessary. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to forego pursuit of his unexhausted claims and to instead proceed only on his fully exhausted claim, he may move to re-open this case on an amended petition within **30 DAYS** of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2014

Certificate of Service

I hereby certify that this Order was electronically submitted on October 7, 2014, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager